OPINION
{¶ 1} Defendant-appellant, Geana Frazee, appeals her conviction in the Mason Municipal Court for driving while under the influence of alcohol ("DUI"). We affirm appellant's conviction.
 {¶ 2} On February 15, 2004, Mason Police Officer Nathan Ketterer was on patrol and stopped at a traffic light at the intersection of Western Row Road and Kings Island Drive in the city of Mason. Officer Ketterer was alerted by another driver that a person, later identified as appellant, was driving a van and appeared to be drunk. Officer Ketterer followed appellant as she attempted to access I-71 via the entrance ramp, and observed her vehicle drift from the center lane to the right lane, touch and cross the white fog line, drift back across the dotted center line, drift back to the right lane to the fog line again, drift back across the center line, and straddle the dotted center line. Officer Ketterer then initiated a traffic stop. When Officer Ketterer spoke to appellant, he smelled a strong odor of alcohol coming from within the van, and noticed that appellant would not look directly at him and slurred her speech. When questioned about the odor of alcohol, appellant admitted she had consumed six beers. Officer Ketterer asked appellant to exit her vehicle, and then administered the Horizontal Gaze Nystagmus ("HGN") test. Appellant was arrested and charged with DUI in violation of the City of Mason Codified Ordinance ("Mason Code") 333.01(a)(1).
 {¶ 3} Appellant filed a motion to suppress Officer Ketterer's observations and the results of the HGN test, and the trial court granted her motion. However, this court reversed the trial court's decision in State v. Frazee, Warren App. No. CA2004-07-085, 2005-Ohio-3513, and remanded the matter. After a bench trial, the trial court found appellant guilty of DUI, sentenced appellant to serve 120 days in jail, imposed a $250 fine, suspended appellant's driving privileges for 180 days, and ordered appellant to complete a 72-hour driver's intervention program. However, the trial court suspended appellant's jail sentence, and placed her on community control and probation, to be served concurrently, for two years. Appellant appeals her conviction, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING APPELLANT'S OBJECTIONS TO OFFICER KETTERER'S TESTIMONY REGARDING THE ADMINISTRATION AND RESULTS OF THE HGN TEST."
 {¶ 6} In her first assignment of error, appellant argues that the state failed to lay a proper foundation for Officer Ketterer's testimony regarding the administration and the results of the HGN test he administered. Further, appellant claims that this evidence is irrelevant because there is no correlation between the HGN test and appreciable impairment. Appellant maintains the trial court abused its discretion in overruling her objection to Officer Ketterer's testimony. We disagree.
 {¶ 7} The admission or exclusion of relevant evidence is within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Accordingly, we review the trial court's decision to determine whether it abused its discretion in overruling appellant's objections on grounds of relevance.
 {¶ 8} Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 9} Appellant was convicted of operating a motor vehicle while under the influence of alcohol pursuant to Mason Code Chapter 331.01, which mirrors R.C. Chapter 4511.19. R.C.4511.19(A)(1) provides that "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * (a) [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 10} Further, R.C. 4511.19(D)(4) provides:
 {¶ 11} "(b) In any criminal prosecution * * * for a violation of division (A) * * * of this section, [or] of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 {¶ 12} "(i) The officer may testify concerning the results of the field sobriety test so administered.
 {¶ 13} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.
 {¶ 14} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."
 {¶ 15} According to the Ohio Supreme Court, the HGN test is one of several valid tools that can be used to determine whether a person has been driving while under the influence of alcohol. See State v. Bresson (1990), 51 Ohio St.3d 123, 129. InBresson, 51 Ohio St.3d at the syllabus, the court held that "[a] properly qualified officer may testify at trial regarding a driver's performance on the horizontal gaze nystagmus test as it pertains to the issues of probable cause to arrest and whetherthe driver was operating a vehicle while under the influence ofalcohol. See R.C. 4511.19(A)(1)." (Emphasis added.) Results of an HGN test are admissible if the proper foundation is shown, both as to the officer's training and ability to administer the test and as to the actual technique used in administering the test. Id. at 128.
 {¶ 16} After reviewing the record, we find that the state established the proper foundation as to Officer Ketterer's training and ability to administer the HGN test and as to the actual technique Officer Ketterer used to administer the test. At trial, Officer Ketterer testified that he has been trained to administer the HGN test according to the guidelines in the National Highway Traffic Safety Administration ("NHTSA") manual, and that he uses the HGN test to aid in determining whether a person has been driving under the influence of alcohol as often as five times per month. Officer Ketterer affirmed that in his experience, he has found that the HGN test is reliable in effectively assessing whether a driver has consumed alcohol. Officer Ketterer explained how he administered the HGN test to appellant, that the test was administered in compliance with the NHTSA guidelines, and that appellant presented six out of six possible clues.[1]
 {¶ 17} In addition, we find that the trial court did not abuse its discretion in overruling appellant's objection to Officer Ketterer's testimony regarding the results of the HGN test on grounds of relevance. As the Ohio Supreme Court found inBresson, 51 Ohio St.3d at 1241-25, there is a correlation between blood-alcohol concentration and nystagmus. Further, the Court noted that according to the U.S. Department of Transportation, "the HGN test is the single most accurate field test to use in determining whether a person is alcohol impaired." Id. at 125. Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION FOR ACQUITTAL PURSUANT TO RULE 29, OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 20} In appellant's second assignment of error, she challenges the sufficiency of the state's evidence. Appellant maintains that evidence of an odor of alcohol, slurred speech, admission to alcoholic beverage consumption, and performance on an HGN test, without evidence of actual impairment, is insufficient to sustain a conviction for DUI. We disagree.
 {¶ 21} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Rucker,
Butler App. No. CA20010-4-076, 2002-Ohio-172. In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 22} According to the record, Officer Ketterer testified that he observed appellant's erratic driving, smelled alcohol emanating from inside her vehicle, noticed that she was slurring her speech and refused to make eye contact. When Officer Ketterer questioned appellant as to the amount of alcohol she had consumed, appellant admitted that she had consumed six beers. Further, Officer Ketterer testified that he conducted the HGN test, and appellant presented six out of six possible clues. Officer Ketterer also testified that appellant refused to submit to a breathalyzer test.
 {¶ 23} Applying the applicable standard of review for a sufficiency challenge, and construing the evidence most favorably for the prosecution, a rational trier of fact could have found beyond a reasonable doubt that appellant was operating her vehicle in the state of Ohio while under the influence of alcohol. The trial court did not err in overruling appellant's Crim.R. 29 motion for acquittal. Appellant's second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "THE COURT'S FINDING THAT THE APPELLANT WAS GUILTY OF OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF MASON ORDINANCE 333.01 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 26} An appellate court considering a manifest weight of the evidence claim must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 39, citing State v. Martin, (1983),20 Ohio App.3d 172, 175. The question is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387. An appellate court will not reverse a judgment in a jury trial as being against the manifest weight of the evidence unless it unanimously disagrees with the judgment of the trial court. Thompkins, 78 Ohio St.3d at 389. When reviewing the evidence, an appellate court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 27} After reviewing the record, including the evidence discussed above, we cannot say the trial court lost its way and created a manifest miscarriage of justice when it found appellant guilty of DUI. Accordingly, we find appellant's conviction was not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
 {¶ 28} Judgment affirmed.
Walsh, P.J., and Hendrickson, JJ., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.
[1] We note that appellant has not challenged whether Officer Ketterer performed the HGN test in substantial compliance with the NHTSA guidelines.