[Cite as *State v. Hensley*, 2014-Ohio-5012.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : CASE NO. CA2014-01-011

: O P I N I O N
- vs - 11/10/2014

:

BRANDON HENSLEY, :

    Defendant-Appellant. :

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29367

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

William G. Fowler, 12 West South Street, Lebanon, Ohio 45036-1708, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Brandon Hensley, appeals his conviction in the Warren County Court of Common Pleas for driving under the influence of alcohol (OVI) with an accompanying habitual offender specification. For the reasons detailed below, we affirm.

{¶ 2} On July 27, 2013, Deputy Grossenbaugh of the Warren County Sheriff's Office observed appellant driving a pickup truck north on State Route 48 in Warren County. Deputy

Grossenbaugh testified that he effected a traffic stop after observing appellant's vehicle weave in different lanes of traffic, strike a subdivision curb, and make an illegal U-Turn.

{¶ 3} Upon approaching the vehicle, Deputy Grossenbaugh stated that he observed both open and unopened containers of alcohol in appellant's vehicle. In addition, Deputy Grossenbaugh detected an odor of alcohol and observed that appellant's speech was slurred and his eyes were bloodshot. As a result, Deputy Grossenbaugh suspected that appellant may be under the influence of alcohol and therefore asked appellant to exit the vehicle and perform field sobriety tests. Appellant was placed under arrest after he failed the horizontal gaze nystagmus (HGN) test, the one-leg stand test, and the walk and turn test. Appellant refused to submit to a breathalyzer or a urine test.

{¶ 4} Appellant was subsequently indicted for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2)(a)(b). Each count also included a habitual offender specification because appellant had five prior convictions for driving under the influence of alcohol within the past 20 years in violation of R.C. 2941.1413(A).

{¶ 5} Prior to trial, appellant filed a motion in limine to exclude Deputy Grossenbaugh's testimony regarding the HGN test administered on the night of his arrest. The trial court denied in part appellant's motion and granted it in part. The case then proceeded to a jury trial.

{¶ 6} After hearing the evidence, the jury found appellant guilty of both counts of OVI, as well as the habitual offender specifications on each charge. The trial court then merged the OVI offenses at the sentencing hearing and the state elected to proceed with sentencing on count two, driving under the influence in violation of R.C. 4511.19(A)(2)(a)(b), a third-degree felony. The trial court then sentenced appellant to a two-year prison term on the third-degree felony OVI conviction and a four-year prison term on the habitual offender specification. The trial court ordered that the sentences be served consecutively for a total

prison term of six years. Appellant now appeals, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE JURY'S FINDING OF GUILT FOR THE OFFENSES OF DRIVING UNDER THE INFLUENCE ARE IN CONTRADICTION TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} In his first assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. We disagree.

{¶ 10} "A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 34; *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 78. In determining whether the conviction is against the manifest weight of the evidence, an appellate court "must weigh the evidence and all reasonable inferences from it, consider the credibility of the witnesses and determine whether in resolving conflicts, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Coldiron*, 12th Dist. Clermont Nos. CA2003-09-078 and CA2003-09-079, 2004-Ohio-5651, ¶ 24. "This discretionary power should be exercised only in the exceptional case where the evidence weighs heavily against conviction." *Id.*; *Gray* at ¶ 78.

{¶ 11} As noted above, appellant was convicted of OVI in violation of both R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2)(a)(b). R.C. 4511.19(A)(1)(a) provides, "no person shall operate any vehicle * * * if, at the time of the operation, any of the following apply: the person is under the influence of alcohol, a drug of abuse, or a combination of them." In addition, R.C. 4511.19(A)(2)(a)(b) provides:

> (2) No person who, within twenty years of the conduct described

in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

{¶ 12} Appellant was also found guilty of the habitual offender specification contained in R.C. 2941.1413(A), which imposes additional mandatory prison terms on an offender who has previously been convicted or pleaded guilty to five or more OVI offenses within twenty years of the offense.[1]

{¶ 13} Based on our review of the evidence, we find the jury did not clearly lose its way in determining appellant's guilt. In the present case, Deputy Grossenbaugh testified that he observed appellant violating several traffic laws and driving erratically and therefore effected a traffic stop. Upon approaching the vehicle, Deputy Grossenbaugh testified that he observed a 12-pack and a 6-pack of beer in appellant's vehicle and several empty beer cans. Deputy Grossenbaugh testified that when he approached appellant's vehicle, he noticed the smell of alcohol and also observed that appellant's speech was slurred and his eyes were bloodshot.

---

1. The parties stipulated to the fact that appellant had five prior OVI convictions within the past 20 years: (1) a December 8, 2011 misdemeanor conviction in Warren County Court Case No. 2011CRA01287; (2) an April 28, 2005 felony conviction in Clermont County Court of Common Pleas Case No. 05CR00155; (3) an October 22, 2002 felony conviction in Clermont County Court of Common Pleas Case No. 02CR00273; (4) a March 8, 2001 misdemeanor conviction in Warren County Court Case No. 2000TRC06122; (5) an October 24, 2000 misdemeanor conviction in Warren County Court Case No. 2000TRC05057.

{¶ 14} As a result, Deputy Grossenbaugh testified that he asked appellant to consent to field sobriety tests, which appellant did. During the field sobriety tests, Deputy Grossenbaugh testified that appellant failed all three field tests and exhibited several clues of intoxication, including: (1) six out of six clues for intoxication on the HGN test; (2) five out of eight clues on the "walk and turn" test; and (3) three out of four clues on the one-leg stand test.

{¶ 15} Following appellant's performance on the field sobriety tests, Deputy Grossenbaugh testified that he offered appellant multiple chances to submit to breath and urine tests, but appellant refused. After appellant refused the breath and urine tests, Deputy Grossenbaugh stated that he read appellant the BMV-2255 form, advising him of the consequences for refusing the breath or urine tests. Appellant signed the BMV-2255 form, but again refused to take the breathalyzer or urine test.

{¶ 16} In his defense, appellant testified that he only consumed "five, maybe six" beers earlier in the evening and was not intoxicated at the time of his arrest.[2] Appellant also admitted that he did not consent to a breath or urine test. However, appellant claimed that he requested a blood test multiple times following his arrest.

{¶ 17} After viewing the foregoing evidence in a light most favorable to the prosecution, we find that the jury could have found the essential elements of the crimes proven beyond a reasonable doubt. As we have previously noted, "a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, ¶ 35. Although appellant maintains his innocence and advances an alternative

---

2. Appellant explained that he was "drinking on the cheap" earlier in the evening. Appellant testified that "drinking on the cheap" refers to his method of purchasing one drink at a restaurant or bar throughout the evening. Instead of ordering another beer from the establishment, however, appellant testified that he would walk out to his vehicle and refill the container with alcohol that he had purchased earlier in the evening.

account of the situation, the jury, as the trier of fact, was in the best position to weigh the evidence and judge the credibility of the witnesses on the issue of whether appellant was operating his vehicle while under the influence of alcohol. The state presented abundant evidence of appellant's guilt, which supports the jury's verdict. Accordingly, appellant's conviction is supported by the manifest weight of the evidence, and his first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTION BY OVERRULLING [sic] APPELLANT'S OBJECTION TO TESTIMONY CONCERNING THE SIGNIFICANCE OF HORIZONTAL GAZE NYSTAGMUS TEST RESULTS.

{¶ 20} In his second assignment of error, appellant argues the trial court erred by permitting Officer Grossenbaugh to testify as to the results of the HGN test performed on appellant. Appellant's argument is without merit.

{¶ 21} A trial court has broad discretion in the admission and exclusion of evidence. *State v. Martin*, 12th Dist. Butler No. CA2007-01-022, 2007-Ohio-7073, ¶ 9. A reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice. *State v. Smith*, 12th Dist. Fayette No. CA2007-10-035, 2008-Ohio-5931, ¶ 33. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Grindstaff*, 12th Dist. Clermont No. CA2013-09-074, 2014-Ohio-2581, ¶ 21.

{¶ 22} According to the Ohio Supreme Court, the HGN test is one of several valid tools that can be used to determine whether a person has been driving while under the influence of alcohol. *State v. Frazee*, 12th Dist. Warren No. CA2005-11-119, 2006-Ohio-3778, citing

*State v. Bresson*, 51 Ohio St.3d 123 (1990) at syllabus. In *Bresson*, the court held "the HGN test has been shown to be a reliable test, especially when used in conjunction with other field sobriety tests and an officer's observations of a driver's physical characteristics, in determining whether a person is under the influence of alcohol." *Bresson* at 129. As a result, "[a] properly qualified officer may testify at trial regarding a driver's performance on the horizontal gaze nystagmus test as it pertains to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol." *Frazee* at ¶ 15.

{¶ 23} In the present case, appellant filed a motion in limine with the trial court and also raised an objection during trial regarding the admissibility of any testimony related to his performance on the HGN test. The trial court overruled appellant's objections in part and permitted Deputy Grossenbaugh to testify about appellant's performance on the HGN test and how the test was conducted, including the number of clues indicating impairment that appellant exhibited. The trial court did not permit Deputy Grossenbaugh to testify as to any statistical probabilities or estimates on appellant's blood alcohol concentration.

{¶ 24} Based on our review, we find no error in the trial court's decision overruling appellant's motion in limine and objection raised at trial. Deputy Grossenbaugh's testimony related only to the methods of conducting the field sobriety tests and appellant's performance on those tests. Specifically, Deputy Grossenbaugh testified that appellant exhibited six out of six clues indicating impairment during the HGN test. Deputy Grossenbaugh did not submit any statistical probability or estimate of appellant's blood alcohol concentration. As such, we find the trial court did not err in permitting Deputy Grossenbaugh's testimony relating to appellant's performance on the HGN test. Moreover, even if we were to find error, because the evidence of appellant's guilt was overwhelming, any alleged error in the introduction of this testimony would be harmless. *See, e.g., State v. Annor*, 12th Dist. Butler No. CA2009-

10-248, 2010-Ohio-5423 (defendant failed to show prejudice in the admission of HGN test results). Accordingly, we find appellant's second assignment of error is without merit.

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS IN SENTENCING APPELLANT IN CONTRADICTION TO THE PROVISIONS OF O.R.C. 2929.14.

{¶ 27} In his third assignment of error, appellant argues that his six-year prison sentence is contrary to law. We find no merit to appellant's argument.

{¶ 28} We review felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 9. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Id.*

{¶ 29} On appeal, appellant argues that his six-year aggregate prison sentence is contrary to law and alleges that the pertinent sentencing statutes provide that his aggregate prison sentence for the OVI conviction and the habitual offender specification shall not exceed five years. In support, appellant relies on a decision from the Eleventh District Court of Appeals in *State v. Owen*, 11th Dist. Lake No.2012-L-102, 2013-Ohio-2824. However, as this court has expressly disagreed with the Eleventh District's decision in *State v. Sturgill*, 12th Dist. Clermont No. CA2013-01-002, 2013-Ohio-4648, we will apply the law according to

our own precedent until further direction by the Ohio Supreme Court.[3]

{¶ 30} In *Sturgill*, this court found that, where a defendant is convicted of an R.C. 2941.1413 specification, Ohio's OVI statute, R.C. 4511.19, and Ohio's general sentencing statute, R.C. 2929.14, are not in conflict with one another and can be read together to ascertain the General Assembly's intent to permit a five-year maximum sentence for a third-degree felony OVI conviction. *Id.* Furthermore, because the appellant in *Sturgill* was also convicted of the habitual offender specification under R.C. 2914.1413, we found that he was also subject to a mandatory additional prison term of one, two, three, four, or five years on the specification. *Id.* at ¶ 43. Since the trial court complied with all applicable dictates, we affirmed the trial court's decision to sentence appellant for five years in prison on the third-degree felony OVI offense, as well as an additional consecutive and mandatory five-year sentence for the habitual offender specification. *Id.* at ¶ 51.

{¶ 31} In the present case, appellant was convicted of a third-degree felony OVI offense and the accompanying specification under R.C. 1941.1413. Pursuant to R.C. 4511.19(G)(1)(e)(i), an offender who has been convicted of a third-degree felony OVI shall be sentenced to "a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of * * * a [R.C. 2941.1413] specification." In addition, the habitual offender specification provided in R.C. 2941.1413 includes a mandatory additional prison term of one, two, three, four, or five years. *Sturgill* at ¶ 44. As previously noted, the trial court sentenced appellant to a two-year prison term for the third-degree felony OVI conviction and a mandatory additional four-year sentence for the habitual offender specification, for an

---

3. We acknowledge that the Ohio Supreme Court is presently reviewing a conflict between this court's interpretation of the OVI sentencing regime in *State v. Sturgill*, 12th Dist. Clermont No. CA2013-01-002, 2013-Ohio-4648, and the interpretation by the Ninth District Court of appeals in *State v. South*, 9th Dist. Summit No. 26967, 2014-Ohio-374. *See State v. South*, 139 Ohio St.3d 1402, 2014-Ohio-2245.

aggregate term of six years in prison. Thus, the trial court's sentence fell within the permissible statutory range for the offense.

{¶ 32} Based on our review, we find no error in the trial court's sentencing decision. Appellant's sentence was within the permissible statutory range and the record reflects the trial court considered all relevant seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. Accordingly, we find that appellant's sentence is supported by the record and is not contrary to law. Appellant's third assignment of error is overruled.

{¶ 33} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.