[Cite as *State v. Pottorf*, 2014-Ohio-5399.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-03-046 |
| | : | O P I N I O N |
| - vs - | | 12/8/2014 |
| | : | |
| RALPH W. POTTORF, JR., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 14 CR 29742


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

William F. Oswall, Jr., 810 Sycamore Street, Fifth Floor, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Ralph Pottorf, Jr., appeals his conviction in the Warren County Court of Common Pleas for operating a vehicle while under the influence of alcohol and the accompanying specification that within 20 years of committing the offense, he previously had been convicted of, or pleaded guilty to, five or more equivalent offenses. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} On December 21, 2013, Fred Vonderhaar was in his farm workshop on SR 42 in Warren County when he heard a crash. Upon checking, Vonderhaar observed a light tan Honda stuck in his security fence and rocking back and forth in an unsuccessful effort to get out. Vonderhaar saw the Honda hit his truck, which was parked alongside the fence, several times. Vonderhaar called 911 and read the Honda's license plate number to the operator. Vonderhaar continuously monitored the situation until a deputy arrived. Vonderhaar saw appellant exit the vehicle and walk south on SR 42. Vonderhaar saw appellant walk down the middle of the lane "with no idea of what was going on behind him, whether a car was approaching him, whether there was any traffic behind him or anything."

{¶ 3} Deputy Steven Ritchie responded to the scene and saw appellant, unsteady on his feet, walking along SR 42. Deputy Ritchie made contact with appellant and observed that he had bloodshot, glassy eyes and had an odor of an alcoholic beverage on or about his person. When Deputy Ritchie asked appellant what he was doing, appellant said he was just out for a walk. When Deputy Ritchie asked appellant if he was walking away from the vehicle that was stuck in Vonderhaar's fence, appellant denied that he was. Appellant also denied driving the vehicle. Deputy Ritchie patted down appellant to check for weapons and placed him in his cruiser. Deputy Ritchie noticed a set of keys hanging from appellant's side that included a large silver ignition key. Deputy Ritchie ran the Honda's license plate number and discovered that the vehicle was registered to appellant. When Deputy Ritchie confronted him with this information, appellant still denied that he had driven the vehicle. When Deputy Ritchie asked appellant if the vehicle was his son's car, appellant replied, "yeah, that kind of looks like it." After discovering that appellant's license was suspended, Deputy Ritchie arrested appellant, placed handcuffs on him and waited for the tow truck. Deputy Ritchie obtained keys from appellant and noticed that the ignition key was missing. Deputy Ritchie did not perform any field sobriety tests on appellant out of concern that appellant might

become violent since appellant had been drinking alcohol and the deputy had determined that appellant's license was suspended. After the wrecked Honda was towed, Deputy Richie transported appellant to the jail.

{¶ 4} At the jail, Deputy Ritchie read appellant the BMV 2255 form, informing him of the consequences of refusing to take a breathalyzer test. When Deputy Ritchie asked appellant to submit to a breathalyzer test, he refused. Appellant also refused to sign the 2255 form and the citation issued by Deputy Ritchie. Deputy Scott Stavermann was also present at appellant's booking. Deputy Stavermann, like Deputy Ritchie, noticed there was a strong odor of alcoholic beverage on appellant's breath. Deputy Stavermann also noticed that appellant's speech was slurred. When Deputy Stavermann asked appellant where he lived, appellant answered, "you decide where I live." During appellant's booking, Deputy Ritchie heard a metallic clang when appellant removed his shoes, and Deputy Ritchie then saw the ignition key on the floor. Deputy Ritchie later used the key to unlock and start the wrecked Honda.

{¶ 5} Appellant was indicted for operating a vehicle while under the influence of alcohol or drugs, a third-degree felony, in violation of R.C. 4511.19(A)(1)(a) (Count I) and for operating a vehicle while under the influence of alcohol or drugs, a third-degree felony, in violation of R.C. 4511.19(A)(2)(a)-(b) (Count II). Both counts were accompanied by a specification charging appellant with having committed five or more equivalent offenses within the last 20 years in violation of R.C. 2941.1413(A).

{¶ 6} A jury trial was conducted. The state called Vonderhaar and Deputies Ritchie and Stavermann, who testified to the facts related above. Appellant presented the testimony of his girlfriend, Violet McElroy, who stated that she came to the scene of the accident as she was being driven home by her boss. McElroy recognized appellant's car and then appellant. McElroy testified that appellant did not have slurred speech, bloodshot eyes or an odor of

alcoholic beverage on or about him. Appellant, testifying on his own behalf, stated that the accident occurred when he hit a puddle of water that caused him to cross lanes and slide into a fence. Appellant admitted he had been involved in the accident and that he had lied to Deputy Ritchie, but appellant denied drinking. Appellant also testified that he had not had any alcohol since May 2011.

{¶ 7} During its cross-examination of appellant, the state showed appellant one of his credit card receipts that showed appellant's credit card had been used on December 8, 2013 to purchase a beer. Appellant explained that his credit card "could have been used by [his] son." The state called Deputy Ritchie as a rebuttal witness. Deputy Ritchie testified that McElroy came to the accident scene and confronted appellant and asked him why he had been drinking but appellant did not respond. Deputy Ritchie testified that when he asked McElroy how she realized appellant had been drinking, McElroy told the deputy that she could smell the odor of alcoholic beverage on appellant.

{¶ 8} The jury found appellant guilty on both counts. The trial court sentenced appellant to 36 months for his conviction on the OVI charge in Count II and ordered him to serve this sentence consecutively to the five-year prison term that the trial court sentenced appellant to serve for his conviction on the specification that accompanied Count II. Count One was merged for sentencing purposes.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY ON THE JURY VERDICT BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE EVIDENCE ADDUCED AT TRIAL IS INSUFFICIENT TO UPHOLD A CONVICTION THEREBY DENYING THE APPELLANT HIS RIGHT TO DUE PROCESS AS

- 4 -

GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT IS NOT SUPPORTED BY THE FINDINGS IN THE RECORD.

{¶ 15} In his first assignment of error, appellant argues the jury's verdict finding him guilty of two counts of operating a vehicle under the influence of alcohol and the accompanying specifications to those counts was against the manifest weight of the evidence. However, a review of the evidence makes it clear that the jury's decision to convict appellant on both counts and the accompanying specifications was supported by overwhelming evidence.

{¶ 16} The evidence shows that appellant lost control of his car and wrecked it and that the vehicle became stuck under a fence. When appellant tried to free his vehicle by rocking it back and forth, he hit Vonderhaar's truck several times in the process. Vonderhaar testified that appellant got out of the vehicle and walked down the middle of the lane "with no idea of what was going on behind him, whether a car was approaching him, whether there was any traffic behind him or anything." Deputy Ritchie stopped appellant and observed that he was unsteady on his feet. Appellant displayed physical signs of having been drinking and being impaired. He had bloodshot and glassy eyes and the odor of alcohol about his person. Appellant denied being the Honda's driver, but the vehicle was registered in his name and he had the keys to the vehicle.

{¶ 17} Additionally, when appellant was arrested, he refused to take the breathalyzer test and also refused to sign the 2255 form and citation. When appellant was booked, Deputy Stavermann, like Deputy Ritchie, noticed there was a strong odor of alcoholic beverage on appellant's breath. Deputy Stavermann testified that appellant was

uncooperative. For example, when Deputy Stavermann asked appellant where he lived, appellant told the deputy to decide where he lived. When appellant was removing his shoes during his booking, the ignition key to the wrecked Honda fell out of his boot. Appellant displayed a subjective belief of guilt by attempting to leave the scene, lying about what happened, and refusing a breath test. The state's evidence of appellant's guilt on both counts of OVI and the accompanying specifications was overwhelming.

{¶ 18} Therefore, appellant's first assignment of error is overruled.

{¶ 19} In his second assignment of error, appellant argues the trial court erred by permitting the state to introduce the receipt showing that a beer had been purchased with his credit card on December 8, 2013 to rebut his testimony that he had not drank any alcohol since May 2011. Appellant argues the state was obligated under Crim.R. 16(B)(3) to provide him with a copy of the receipt, and since the state failed to do so, the trial court should have excluded the receipt as evidence at his trial. Appellant asserts that if he had known that the state possessed this evidence, he would have called his son to testify to corroborate his testimony that his son, not him, used the credit card to buy beer. He asserts that the state's failure to disclose the receipt "was material so as to deny [him] due process" and that "[t]he non-disclosure [of the receipt] undermined the reliability of the outcome of the proceedings." We find these arguments unpersuasive.

{¶ 20} "A finding of harmless error is appropriate where there is 'overwhelming evidence of guilt' or 'some other indicia that the error did not contribute to the conviction.'" *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146, CA2013-08-147, 2014-Ohio-2472, ¶ 46, quoting *State v. Sims,* 12th Dist. Butler No. CA2007-11-300, 2009-Ohio-550, ¶ 34, quoting *State v. Ferguson,* 5 Ohio St.3d 160, 166 (1983), fn. 5.

{¶ 21} Here, there was overwhelming evidence that appellant was guilty of both counts of OVI and the accompanying specifications, and the error alleged by appellant did not

contribute to his conviction. Appellant admitted during his testimony that he lied to Deputy Ritchie numerous times, that he hid the ignition key, that he fled the scene of the crime, that he drove while his license was suspended and that he falsely told the police that his son had been driving the Honda at the time of the accident. Vonderhaar testified that appellant appeared unsure of his footing when he walked away from the accident scene and that appellant walked down the middle of the lane "with no idea of what was going on behind him, whether a car was approaching him, whether there was any traffic behind him or anything." Deputies Ritchie and Stavermann observed that appellant displayed signs of intoxication and impairment at the time of the accident, including glassy, bloodshot eyes and an inability to walk steadily. Deputy Stavermann also noted that appellant's speech was slurred. The evidence of appellant's guilt on the OVI charges was overwhelming, and there is no reasonable possibility that the error contributed to the conviction. Further, the testimony that appellant's son purportedly would have given had appellant been given notice that the state had the December 8, 2013 receipt in its possession, i.e., that he, not appellant had bought beer on that date, would have been merely cumulative to appellant's testimony and subject to impeachment as the testimony of an immediate family member.[1]

{¶ 22} In light of the foregoing, appellant's second assignment of error is overruled.

{¶ 23} In his third assignment of error, appellant argues the trial court "clearly abused its discretion and undermined the purpose of the felony sentencing guidelines" by not ordering a presentence investigation and by not considering all the mitigating factors set forth in R.C. 2929.12(C)(4). Appellant contends that if the trial court had known more about his health issues, which include leukemia, heart disease and diabetes, it would have given him a

---

1. We also reject appellant's claim that the state "knowingly" failed to disclose the receipt to him during discovery. As the trial court noted, the state did not know that appellant would testify that he had not had any alcohol since May 2011; it was only when appellant did so testify that the state presented the receipt to rebut appellant's testimony.

lesser prison sentence.

**{¶ 24}** Crim.R. 32.2 states that "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." Crim.R. 32.2 does not mandate a presentence investigation and report except in a felony case in which an offender is sentenced to community control sanctions. In all other cases, the decision whether or not to order a presentence investigation and report is left to the trial court's sound discretion. *State v. Adams*, 37 Ohio St. 3d 295, 297 (1988).

**{¶ 25}** Here, the trial court did not abuse its discretion by not ordering a presentence investigation and report on appellant. The trial court already had sentenced appellant twice before, and therefore was familiar with his history. We also disagree with appellant's claim that the trial court "clearly abused its discretion" by not considering the mitigating factors in R.C. 2929.12(C)(4).

**{¶ 26}** An appellate court reviews a felony sentence under the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the sentence is "clearly and convincingly contrary to law." *State v. Hensley*, 12th Dist. Warren No. CA2014-01-011, 2014-Ohio-5012, ¶ 28. "A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range." *Id.*

**{¶ 27}** R.C. 2929.12(C)(4) states:

> (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

* * *

> (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶ 28}** Here, the trial court considered the statutory factors and sentenced appellant within the permissible range. The trial court was informed of appellant's health problems both during the trial and at the time of sentencing, as well as the fact that appellant had made arrangements to provide support for his two minor children even during his incarceration. However, as the trial court expressly noted, appellant "continues to drink and drive," and on this occasion, he drove a vehicle even though his license was under suspension. The record shows that appellant has committed at least five previous OVI offenses within the last 20 years of his current offenses. Given these circumstances, appellant's sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2).

**{¶ 29}** Accordingly, appellant's third assignment of error is overruled.

**{¶ 30}** Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.