{¶ 1} Defendant-appellant, Alan Johnson, appeals from a Clermont County Court of Common Pleas jury trial finding him guilty of driving under the influence ("DUI") in violation of R.C. 4511.19(A)(1), driving under suspension in violation of R.C.4507.02(C), and falsification in violation of R.C. 2921.13(A)(3). We affirm.
 {¶ 2} At approximately 10:50 p.m. on January 28, 2002, Deputy Robert Bailey of the Clermont County Sheriff's Office observed appellant driving a black Ford Thunderbird on westbound State Route 125. Deputy Bailey testified that appellant's vehicle crossed the centerline of the road approximately a foot and a half to two feet. He then observed the vehicle cross the right shoulder line by a foot. The deputy proceeded to turn on his lights and pull over appellant.
 {¶ 3} Deputy Bailey noted that appellant's "stopping procedure was very slow." Upon approaching the driver's side of the vehicle, Deputy Bailey stated that appellant identified himself as Richard Johnson from Arleta, California. Appellant was unable to provide identification.
 {¶ 4} Deputy Bailey testified that he detected an odor of alcoholic beverage on appellant's breath and that appellant's eyes were glassy and bloodshot. When questioned, appellant admitted to drinking one beer prior to driving the vehicle. The deputy asked appellant to step out of the vehicle. He noted that appellant "used the door frame and driver's seat to help assist him in getting out of the vehicle" and that he was walking slowly.
 {¶ 5} The deputy had appellant perform three field sobriety tests: the horizontal gaze nystagmus test ("HGN"), the walk-and-turn test, and the one-leg-stand test. Before completing the tests, the deputy testified that appellant told him that he had an old ankle injury to his right ankle. On the HGN test, the deputy found that appellant presented four out of six possible clues. On the walk-and-turn and one-leg stand tests, where two clues indicate that a person may be under the influence of alcohol, the deputy found appellant presented four clues and three clues respectively.
 {¶ 6} Deputy Bailey also performed a portable breath test ("PBT") on appellant. The deputy subsequently placed appellant under arrest for operating a motor vehicle while under the influence and called for a tow truck. While waiting for the tow truck, the deputy performed an inventory of the contents of appellant's vehicle. He found six cans of Bush beer. The deputy noted that two of the cans were empty and the other four cans were cold to his touch.
 {¶ 7} While they waited, Trooper Nathan Lawson of the Ohio State Highway Patrol pulled up and offered his assistance. He then became involved in the investigation. Trooper Lawson testified that appellant's breath had a strong odor of alcohol and that his eyes were bloodshot and "squinty" and his speech was slurred. Also, Trooper Lawson found five of six indicators when he performed the HGN test on appellant.
 {¶ 8} After transporting appellant to the Clermont County Jail, Deputy Bailey asked appellant to submit to a breathalyzer test. Appellant refused. Further investigation at the jail revealed appellant's identity as Alan Paul Johnson. Appellant was subsequently charged with driving under the influence, driving under suspension, and falsification.
 {¶ 9} Before his jury trial, appellant moved for a continuance in order to obtain new counsel. He also filed a motion in limine in order to have the fact that the PBT was administered and the PBT result entered into evidence.[1]
The trial court overruled both motions. Following a jury trial, appellant was found guilty on all three counts. He appeals, raising two assignments of error.[2]
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} The trial court erred in overruling appellant's motion for a new attorney.
 {¶ 12} We note that appellant was found indigent by the trial court and appointed counsel for this case. Appellant maintains that the trial court should have permitted him to obtain new counsel at his request.
 {¶ 13} "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate `good cause' to warrant substitution of counsel." State v.Cowans, 87 Ohio St.3d 68, 72, 1999-Ohio-250, citing to UnitedStates v. Iles (C.A. 6, 1990) 906 F.2d 1122. Examples of good cause include conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. State v. Blankenship (1995),102 Ohio App.3d 534, 558.
 {¶ 14} We review the trial court's decision regarding the request for an abuse of discretion. Cowans,87 Ohio St.3d at 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 158.
 {¶ 15} Appellant maintains that he has a conflict of interest with his counsel and was not given an opportunity to establish that "an irreconcilable conflict existed between he and his counsel." He also maintains the trial court made no inquiry into his "irreconcilable conflict."
 {¶ 16} The record demonstrates that appellant felt unhappy with his counsel. Appellant stated that the trial court advised him through his counsel that should he be found guilty, he would probably receive a five-year sentence. He argued that he felt with this "constant doom and gloom problem" that he needed new counsel. He also stated that he did not feel comfortable with his defense. Finally, appellant argued that he had had very limited contact with his counsel since he was charged, and he believed his counsel was "not representing the case in a manner that's in [his] best interest legally."
 {¶ 17} The trial court explained to appellant that if convicted, appellant could receive a five-year sentence based upon his history, and the character and circumstances of the case. The trial court noted that it told him this so that his counsel could help him "minimize" his exposure because it knew that appellant had two pending felony cases. The trial court also noted that the case had been pending for over two months and that appellant had adequate time to replace his counsel if he had wished to do so. Moreover, appellant's counsel stated that he was ready to try the case.
 {¶ 18} After a thorough review of the record, we find appellant failed to demonstrate good cause to the trial court in order to appoint new counsel. We also find that the trial court's decision regarding appellant's motion to continue in order to obtain new counsel was not so unreasonable, arbitrary or unconscionable as to amount to an abuse of discretion. Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "The trial court erred in overruling appellant's motion in limine to allow evidence of the portable breathalizer test (PBT)."
 {¶ 21} Appellant maintains that the trial court erred by ruling that evidence of the PBT use was inadmissible.[3] He claims that it is exculpatory evidence and that it should be admitted.
 {¶ 22} A ruling on a motion in limine is a ruling to exclude or admit evidence. State v. Jones (June 26, 1998), Mahoning App. No. 95-CA-88. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, the standard of review is whether or not the trial court abused its discretion. Id.
 {¶ 23} Appellant maintains that he should have been able to introduce into evidence the fact that he took the PBT. He argues that "because the State intended to bring evidence of his refusal of the in-station Breathalizer test," that evidence of his compliance with taking the PBT would have shown that "he had formed a good-faith belief" that he did not need to take the second test at the jail. Appellant's contention is without merit.
 {¶ 24} The state successfully argued to the trial court that the jury would hear that appellant took a variety of tests, including the PBT, and then was arrested for driving under the influence. Because the jury would not hear the results of the PBT, the state maintained the jury would conclude that the PBT results were "bad." The trial court agreed with the state's argument, that the jury may be confused if the fact that appellant took the PBT was introduced into evidence without the results also being given to them.
 {¶ 25} We find the trial court's decision concerning the PBT not so unreasonable, arbitrary or unconscionable as to amount to an abuse of discretion. Appellant's second assignment of error is overruled.
 {¶ 26} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Valen, J., concur.
[1] Appellant also argued that his prior DUI convictions should not be admitted into evidence. The trial court overruled his motion as to the DUI convictions. Appellant did not appeal this ruling.
[2] We note that during oral argument appellant's counsel submitted to this court a letter written by appellant. The letter presented a new issue not raised in appellant's brief pursuant to App.R. 16(A). As it was not properly before this court, we decline to consider it.
[3] We note that appellant argued in his brief that the results of the PBT should be admissible. However, in his reply brief, appellant conceded that the results of the PBT should not be admitted.