[Cite as *State v. Chasteen*, 2014-Ohio-4622.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-12-223 |
| | : | O P I N I O N |
| - vs - | | 10/20/2014 |
| | : | |
| ADAM CHASTEEN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 13CRB03317


Geoffrey A. Modderman, Hamilton City Prosecutor, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Adam Chasteen, appeals from his conviction in the Hamilton Municipal Court for domestic violence.

{¶ 2}  On September 13, 2013, Chasteen was charged with domestic violence in violation of R.C. 2925.19(A), a first-degree misdemeanor, and violation of a protection order in violation of R.C. 2919.27, also a first-degree misdemeanor.  Following a bench trial, Chasteen was found guilty on both charges.  He was sentenced to 30 days in jail with 30

days stayed on the domestic violence conviction. While no fine was imposed, Chasteen was ordered to pay costs.

{¶ 3} Chasteen appeals the domestic violence conviction, raising two assignments of error for our review. For ease of discussion, we will discuss both assignments of error together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR DOMESTIC VIOLENCE.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING A GUILTY VERDICT FOR DOMESTIC VIOLENCE WHERE SAID VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Chasteen argues that (1) the trial court erred in denying his Rule 29 motion for acquittal on the domestic violence charge, and (2) his conviction was against the manifest weight of the evidence "[w]here the testimony of an alleged victim is internally inconsistent and directly contradicted by other evidence on material aspects of an allegation * * *."

{¶ 9} Crim.R. 29(C) permits a trial court, upon motion, to set aside a guilty verdict and enter a judgment of acquittal. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 9 (12th Dist.). "This court reviews a trial court's decision on a Crim.R. 29(C) motion for acquittal using the same standard as that used to review a sufficiency-of-the-evidence claim." *Id.*; *State v. Clements*, 12th Dist. Butler No. CA2009-11-277, 2010-Ohio-4801, ¶ 17; *State v. Moshos*, 12th Dist. Clinton No. CA2009-06-008, 2010-Ohio-735, ¶ 26. When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist.

Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 10} A manifest weight of the evidence challenge, on the other hand, examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. "While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, 'these issues are primarily matters for the trier of fact to decide.'" *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins*, 78 Ohio St.3d at 387. Furthermore, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.

{¶ 11} The present case involved allegations of domestic violence stemming from an August 28, 2013 altercation between Chasteen and Rachel Lynch, the mother of Chasteen's

daughter. The domestic violence statute provides that, "[n]o person shall knowingly cause or attempt to cause harm to a family or household member." R.C. 2919.25(A). Chasteen's defense against that charge focused on his assertion that he acted in self-defense.

{¶ 12} At the time of that altercation on August 28, 2013, Lynch had a protection order against Chasteen. According to Lynch, Chasteen came to her home uninvited and assaulted her. She testified that she heard a noise coming from the kitchen and discovered Chasteen in her home. She acknowledged that she had been drinking that night. Lynch testified that she attempted to reach for a Tazer she kept nearby because of the ongoing situation with Chasteen, but that he grabbed her arm at that point and pushed her against a wall. Several photographs were introduced into evidence depicting the bruises she received as a result of the altercation.

{¶ 13} Chasteen, on the other hand, alleged that Lynch invited him to her home that evening. He asserts that they spoke for a couple hours while drinking Southern Comfort. Chasteen acknowledges that a physical altercation took place, but argues that he responded only in self-defense after Lynch attacked him first when she bit him. Chasteen introduced several taped recordings to support his version of events. Lynch disputed when those recordings were made and whether it was her voice on some of them.

{¶ 14} We note that "a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Coleman*, 12th Dist. No. CA2010-12-329, 2011-Ohio-4564, ¶ 26. The trier of fact in the present case simply found the testimony of Lynch to be more credible than that of Chasteen. The credibility of the witnesses is paramount in cases such as this where the evidence amounts to little more than a matter of "he said, she said." Here, we cannot find that the trial court clearly lost its way and created a manifest miscarriage of justice when it found Lynch more credible than Chasteen and convicted Chasteen of domestic violence.

{¶ **15**} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.