[Cite as *State v. Eaton*, 2014-Ohio-5746.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-03-026 |
| | : | O P I N I O N |
| - vs - | | 12/30/2014 |
| | : | |
| SHAY T. EATON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 13CRB4523

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Shay Eaton, appeals from his conviction in the Clermont County Municipal Court for underage consumption. For the reasons detailed below, we affirm.

{¶ 2} On August 30, 2013, appellant was charged with one count of underage consumption of alcohol in violation of R.C. 4301.69(E)(1). The complaint alleged that

appellant did "knowingly consume, possess, or attempt to purchase an alcoholic beverage of intoxicating liquor under the age of 21. To wit: performed HGN an [sic] observed 6 of 6 clues."

{¶ 3} A bench trial was subsequently held on February 19, 2014. The state called the arresting officer, Chris Holden, as its sole witness. Following Officer Holden's testimony, the state rested and appellant moved for acquittal based on insufficient evidence pursuant to Crim.R. 29, which the trial court denied. Thereafter, appellant testified in his own defense.

{¶ 4} After concluding the evidence and closing remarks, the trial court found appellant guilty of underage consumption. Appellant was then sentenced to 180 days in jail with 160 days suspended. Appellant now appeals his conviction, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO GRANT DEFENDANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO ESTABLISH GUILT BEYOND A REASONABLE DOUBT.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} In his assignments of error, appellant argues that his conviction is based on insufficient evidence and not supported by the manifest weight of the evidence. "[W]hile a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct concepts, a finding that a conviction is supported by the weight of the evidence will be dispositive of the issue of sufficiency." *State v. English*, 12th

Dist. Butler No. CA2013-03-048, 2014-Ohio-441, ¶ 66. With that in mind, we first examine whether appellant's conviction is supported by the manifest weight of the evidence.

{¶ 10} A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Hensley*, 12th Dist. Warren No. CA2014-01-011, 2014-Ohio-5012, ¶ 10. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Chasteen*, 12th Dist. Butler No. CA2013-12-223, 2014-Ohio-4622, ¶ 10. As a result, we will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Little*, 12th Dist. Butler No. CA2014-01-020, 2014-Ohio-4756, ¶ 11.

{¶ 11} In the present case, appellant was charged with underage consumption of alcohol pursuant to R.C. 4301.69(E)(1), which provides, in pertinent part:

> No underage person shall knowingly order, pay for, share the cost of, attempt to purchase, possess, or consume any beer or intoxicating liquor in any public or private place. No underage person shall knowingly be under the influence of any beer or intoxicating liquor in any public place.

An "underage person," as defined by R.C. 4301.69(H)(5), is a person under the age of 21 years.

{¶ 12} On appeal, appellant argues that the state failed to present sufficient evidence to sustain his conviction for underage consumption of alcohol because the state failed to present evidence of where he consumed or possessed the alcohol. Specifically, appellant argues that the state did not prove venue because the state failed to present evidence that

- 3 -

appellant consumed or possessed alcohol in Clermont County. *See State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017, CA2012-02-018, 2012-Ohio-4644, ¶ 26 ("[a]lthough it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant"). In addition, appellant claims that his conviction is against the manifest weight of the evidence.

{¶ 13} As an initial matter, we disagree with appellant's suggestion that the state failed to prove all the essential elements of the offense. In particular, we disagree with appellant's suggestion that the state was required to prove the location where the alcohol was consumed. R.C. 4301.69(E)(1) is a statute written disjunctively and therefore the location of where appellant possessed or consumed the alcohol is separate from the issue of whether appellant was knowingly "under the influence of any beer or intoxicating liquor in any public place." *See, e.g., State v. Britton*, 6th Dist. Lucas Nos. L-06-1265 and L-06-1266, 2007-Ohio-2147, ¶ 13 ("possession of [an] intoxicating beverage is clearly a distinct and separate offense from that of an underage person knowingly being under the influence of a beer or intoxicating liquor in a public place"). As a result, the state was able to proceed on the underage consumption charge because the state introduced sufficient evidence that, while in Clermont county, appellant was: (1) an underage person, (2) knowingly under the influence of beer or intoxicating liquor, and (3) in any public place. Therefore, appellant's argument that his conviction cannot be sustained because the state did not prove where the alcohol was possessed or consumed is without merit.

{¶ 14} Moreover, based on our review, we find the state did prove all of the necessary elements of the offense of underage consumption and appellant's conviction was not against the manifest weight of the evidence. In the present case, the state presented the testimony of Officer Holden, a police officer with the Union Township Police Department who is certified in OVI apprehension. Officer Holden testified that on August 26, 2013, he was dispatched to

- 4 -

a motel on Beachtown Avenue located in Clermont County, Ohio to investigate claims that an occupant of room 212 had overdosed on drugs or alcohol. While conducting his investigation, Officer Holden testified that he knocked on the door to room 212 and noticed someone looking out the window. Despite Officer Holden's attempts to speak with the occupants of the room, Officer Holden testified that nobody answered the door.

{¶ 15} After his initial attempt at contact, Officer Holden stated that he walked around the outside of the motel and noticed a bicycle on the sidewalk, which he moved out of the way. A short while later, Officer Holden stated that he encountered appellant who was approaching the bicycle and asked appellant to identify himself. Upon speaking with appellant, Officer Holden testified that he learned that appellant had outstanding warrants for his arrest. In addition, Officer Holden stated that he detected an odor of an alcoholic beverage on appellant's person. Officer Holden testified that after detecting the odor, he asked appellant his age and appellant replied that he was 20 years old, which Officer Holden was subsequently able to confirm from a LEADS print out and from warrants from the jail. Thereafter, Officer Holden stated that he conducted a Horizontal Gaze Nystagmus (HGN) test on appellant and appellant displayed six out of six clues of impairment, which Officer Holden testified indicates intoxication.

{¶ 16} Following Officer Holden's testimony, appellant testified in his own defense. Although appellant acknowledged that he encountered Officer Holden on the night of the offense and that he was less than 21 years of age on that date, he denied that he had consumed any alcohol that evening.

{¶ 17} Based on the evidence presented at trial, we conclude the trial court's verdict was supported by sufficient evidence and was not against the manifest weight of the evidence. This case came down to the credibility of the witness testimonies. Although appellant denied that he consumed alcohol on the night of the offense, the state presented

conflicting evidence that appellant had the odor of an alcoholic beverage on his person and exhibited six out of six clues of impairment on the HGN test. The trial judge, as trier of fact, was in the best position to judge the credibility of the witnesses. The evidence produced at trial is sufficient for a reasonable trier of fact to conclude that appellant was knowingly under the influence of alcohol that evening in Clermont County while being under the age of 21. As such, appellant's first and second assignments of error are without merit.

{¶ 18} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.