[Cite as *In re A.M.I.*, 2015-Ohio-367.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN THE MATTER OF:                    :

    A.M.I.                              :             CASE NO. CA2014-07-095

                                        :             O P I N I O N
                                                      2/2/2015
                                        :

                                        :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 13-N001139


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

W. Randall Rock, 137 North Main Street, Suite 302, Dayton, Ohio 45402, for defendant-appellant


**PIPER, P.J.**

{¶ 1} Defendant-appellant, A.M.I., appeals from a decision in the Warren County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for underage consumption of alcohol and resisting arrest. For the reasons detailed below, we affirm.

{¶ 2} At the time of the incident giving rise to the present case, appellant was a student at Springboro High School. On October 4, 2013, appellant attended a varsity football game at Springboro High. During the game, two assistant principals at Springboro High,

Michael Myers and Jim Eaker, approached appellant and noticed an odor of an alcoholic beverage on his person. Following a brief discussion, the school officials alerted Springboro police officers who then arrested appellant after he exhibited several signs of intoxication and became unruly. Appellant was ultimately charged with one count of underage consumption in violation of R.C. 4301.69(E)(1), a first-degree misdemeanor, and one count of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor.

{¶ 3} The case proceeded to a bench trial before a magistrate on February 20, 2014. In its case in chief, the state called the two assistant principals, Myers and Eaker, as well as the arresting officer, Sergeant Aaron Zimmero. After concluding the evidence and closing remarks, the magistrate adjudicated appellant as a delinquent child after finding that appellant committed the offenses of underage consumption and resisting arrest. Appellant raised objections with the trial court. The trial court overruled appellant's objections and adopted and affirmed the magistrate's decision in its entirety. Appellant now appeals his conviction, raising four assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED IN HOLDING THAT EVIDENCE OF THE SMELL OR ODOR OF ALCOHOL COUPLED WITH EVIDENCE OF BLOODSHOT AND GLASSY EYES IS PROOF BEYOND A REASOANBLE [sic] DOUBT THAT APPELLANT WAS UNDER THE INFLUENCE OF ALCOHOL AND, THEREFORE, ERRED IN HOLDING THAT SUCH EVIDENCE WAS SUFFICIENT TO SUPPORT A CONVICTION FOR A VIOLATION OF R.C. 4301.69(E)(1).

{¶ 6} In his first assignment of error, appellant argues his adjudication as a delinquent child for the offense of underage consumption is based on insufficient evidence and not supported by the manifest weight of the evidence. "[W]hile a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate

and legally distinct concepts, a finding that a conviction is supported by the weight of the evidence will be dispositive of the issue of sufficiency." *State v. English*, 12th Dist. Butler No. CA2013-03-048, 2014-Ohio-441, ¶ 66. With that in mind, we first examine whether appellant's conviction is supported by the manifest weight of the evidence.

{¶ 7} "A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Hensley*, 12th Dist. Warren No. CA2014-01-011, 2014-Ohio-5012, ¶ 10, quoting *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 34. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Chasteen*, 12th Dist. Butler No. CA2013-12-223, 2014-Ohio-4622, ¶ 10. As a result, we will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Little*, 12th Dist. Butler No. CA2014-01-020, 2014-Ohio-4756, ¶ 11.

{¶ 8} As noted above, appellant was charged with underage consumption of alcohol in violation of R.C. 4301.69(E)(1), which provides:

> No underage person shall knowingly order, pay for, share the cost of, attempt to purchase, possess, or consume any beer or intoxicating liquor in any public or private place. No underage person shall knowingly be under the influence of any beer or intoxicating liquor in any public place.

An "underage person," as defined by R.C. 4301.69(H)(5), is a person under the age of 21 years. *State v. Eaton*, 12th Dist. Clermont No. CA2014-03-026, 2014-Ohio-5746, ¶ 11.

{¶ 9} In the present case, the state presented the testimonies of two assistant

- 3 -

principals at Springboro High School, Myers and Eaker, who attended the varsity football game and monitored the student section. Both Myers and Eaker testified that appellant smelled of alcohol. After detecting the odor of alcohol, Eaker and Myers testified that they attempted to question appellant, but appellant refused to directly engage with them and instead continued to talk on his cell phone with his mother. After several attempts to speak with appellant, Myers and Eaker stated that appellant began walking away and Eaker flagged down law enforcement to help with the situation.

{¶ 10} Next, Sergeant Zimmero testified about the incident. Sergeant Zimmero is a 15-year veteran of the police force and certified as an instructor in Alcohol Detection Apprehension and Prosecution (ADAP). Sergeant Zimmero identified appellant and stated that on the night in question, he approached appellant and noticed a significant odor of an alcoholic beverage coming from appellant's person. In addition, Sergeant Zimmero testified that appellant exhibited several clues of impairment, including extremely bloodshot and glassy eyes. Because Sergeant Zimmero had previous interactions with appellant, Sergeant Zimmero testified that he knew appellant was under the age of 21 at the time of the incident.

{¶ 11} Based on our review of the evidence presented, we find appellant's adjudication as a delinquent child for underage consumption is not against the manifest weight of the evidence. Although appellant adamantly denied that he consumed alcohol on the night of the offense, the state presented evidence that appellant had the odor of an alcoholic beverage on his person and exhibited several clues of impairment, including glassy and bloodshot eyes. *E.g., State v. Griffith*, 12th Dist. Butler No. CA2005-05-118, 2006-Ohio-2399 (affirming a conviction for DUI where defendant had bloodshot eyes, slurred speech, and smelled of alcoholic beverages). The trial judge, as trier of fact, was in the best position to judge the credibility of the witnesses. As such, appellant's first assignment of error is without merit and overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY ALLOWING THE ADMISSION INTO EVIDENCE EVIDENCE [sic] OF APPELLANT'S ALLEGED REFUSAL TO SUBMIT TO A PORTABLE BREATH TEST AND IN CONSIDERING SUCH EVIDENCE IN DECIDING APPELLANT'S GUILT OR INNOCENCE FOR A VIOLATION OF R.C. 4301.69(E)(1).

{¶ 14} In his second assignment of error, appellant asserts the trial court erred by allowing the state to introduce evidence of his refusal to submit to a portable breath test (PBT).

{¶ 15} As relevant here, Officer Zimmero testified:

> STATE: Okay. Did you perform any field sobriety tests on [appellant]?
>
> ZIMMERO: Nah [sic], I never had the chance to.
>
> STATE: Did you offer him a breath test?
>
> ZIMMERO: I did offer him, he was adamant that he had not been drinking over and over again, and I offered him a portable breath test.
>
> APPELLANT'S COUNSEL: Objection.
>
> COURT: Basis?
>
> APPELLANT'S COUNSEL: It's not admissible, PBTs, whether the result or any denial or refusal.
>
> COURT: Overruled.
>
> ZIMMERO: I offered a PBT and he refused

As a result of this testimony, appellant claims that the trial court abused its discretion, which affected the outcome of the case.

{¶ 16} "Generally, evidence regarding a refusal to submit to a reasonably reliable chemical test for intoxication is admissible in evidence at trial." *State v. Janick*, 11th Dist. Ashtabula No. 2007-A-0070, 2008-Ohio-2133, ¶ 27; *see Maumee v. Anistik*, 69 Ohio St.3d

339 (1994); *State v. Murphy*, 12th Dist. Brown No. CA95-05-010, 1995 WL 764049 (Dec. 29, 1995). "The results of a PTB, however, are generally not admissible as evidence." *Id.* at ¶ 28; *State v. Durnwald*, 6th Dist. Sandusky No. S-04-013, 2005-Ohio-4867, ¶ 40.

{¶ 17} Ohio Adm.Code 3701-53-02 lists the approved evidentiary breath-testing instruments for use in determining whether a person's breath contains a prohibited concentration of alcohol. None of these are defined or designated, however, as a "portable" or "preliminary" breath test. As a result, a number of courts have presumed that the refusal of a PBT is inadmissible "unless evidence or testimony to the contrary is presented." *Janick* at ¶ 28; *Durnwald* at ¶ 40.

{¶ 18} Based on our review, we find that it was error for the trial court to permit testimony related to appellant's refusal to submit to a PBT. Although the trial court did note that the testimony was "not dispositive to the decision reached in the case" and also noted the "additional independent evidence" supporting a finding that appellant was intoxicated, the evidence that appellant refused the PBT was inadmissible and therefore the magistrate should have sustained appellant's objection at his bench trial. *E.g.*, *Durnwald* at ¶ 41 (concluding that "since the PBT test itself would have been inadmissible, evidence of the refusal of that test is also inadmissible, and any reference to it was error"); *Janick* at ¶ 30 ("[t]here is no question that evidence of [defendant's] refusal to take a PBT was erroneously admitted into evidence"); *State v. Waters*, 4th Dist. Vinton No. 13CA693, 2014-Ohio-3109, ¶ 25 ("[i]t is true the results of portable breath tests are not to be admitted for use as evidence at trial"); *see State v. Johnson*, 12th Dist. Clermont No. CA2003-02-010, 2004-Ohio-2213, ¶ 23 (it was not an abuse of discretion for trial court to exclude evidence that defendant had consented to a PBT).

{¶ 19} Although we find this to be error, in light of the evidence presented at trial, we

decline to find reversible error because this evidence was harmless beyond a reasonable doubt. It is well-established that harmless trial errors are to be disregarded and the erroneous admission of evidence is not reversible unless it affects a substantial right that prejudices the defendant. *See* Crim.R. 52(A). "A finding of harmless error is appropriate where there is 'overwhelming evidence of guilt' or 'some other indicia that the error did not contribute to the conviction.'" *State v. Pottorf*, 12th Dist. Warren No. CA2014-03-046, 2014-Ohio-5399, ¶ 20, quoting *State v. Ferguson*, 5 Ohio St.3d 160, 166 (1983), fn. 5.

{¶ 20} Here, there was abundant evidence that appellant had consumed alcoholic beverages and was knowingly under the influence of an alcoholic beverage in violation of R.C. 4301.69(E)(1). Again, the testimonies of Myers, Eaker, and Sergeant Zimmero indicated that appellant had a noticeable odor of an alcoholic beverage on his person. Sergeant Zimmero's testimony further established that appellant exhibited several clues of impairment, including extremely bloodshot and glassy eyes. Accordingly, because the state provided abundant evidence of appellant's guilt, we find any error the trial court committed by admitting the testimony regarding appellant's refusal to submit to a PBT to be harmless. Therefore, appellant's second assignment of error is overruled.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TESTIMONY OF APPELLEE'S WITNESSES THAT APPELLANT WAS UNDER THE AGE OF TWENTY-ONE AND RELYING ON SUCH EVIDENCE TO SUPPORT A CONVICTION OF APPELLANT FOR A VIOLATION OF R.C. 4301.69(E)(1).

{¶ 23} In his third assignment of error, appellant argues the trial court erred by permitting Myers to testify about appellant's age based on student records that were not subsequently entered into evidence and constituted inadmissible hearsay. Appellant also claims that the testimony provided by Eaker and Sergeant Zimmero did not establish his age

because neither knew appellant's precise date of birth or established how they had personal knowledge of appellant's age at the time of his arrest.

{¶ 24} At issue here is the testimony presented by Myers, Eaker, and Sergeant Zimmero. It is undisputed that no document was offered into evidence to prove appellant's age or date of birth. Over objection, Myers testified that "[a]ccording to his student records [appellant] was 17 at the time [of the offense]." Next, Eaker testified that he believed appellant was 17 years old on the day of the offense. Finally, Sergeant Zimmero testified that he was familiar with appellant prior to the incident, and knew appellant was under 21 years old at the time of the offense and was "pretty sure" he was under 18 years old.

{¶ 25} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Perkins*, 12th Dist. Preble No. CA2012-09-012, 2013-Ohio-3409, ¶ 24. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. *State v. Henry*, 12th Dist. Clermont Nos. CA2013-12-095 and CA2013-12-097, 2014-Ohio-4624, ¶ 52. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Perkins* at ¶ 24.

{¶ 26} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Pursuant to Evid.R. 802, hearsay is not admissible unless the statement comes under some exception to the hearsay rule. *State v. Shouse*, 12th Dist. Brown No. CA2013-11-014, 2014-Ohio-4620, ¶ 21.

{¶ 27} There are a number of cases holding that testimony regarding a criminal defendant's age in an underage consumption case based solely on information contained in a computer printout is inadmissible hearsay. *State v. Fair*, 6th Dist. Wood No. WD-97-054, 1998 WL 114218 (Mar. 6, 1998); *see State v. Wolderufael*, 10th Dist. Franklin No. 02AP-

- 8 -

1148, 2003-Ohio-3817; *Cleveland v. Mohamoud*, 8th Dist. Cuyahoga No. 84333, 2004-Ohio-6104.

{¶ 28} For instance, in *State v. Fink*, 12th Dist. Warren Nos. CA2008-10-118 and CA2008-10-119, 2009-Ohio-3538, this court reversed a defendant's conviction for underage consumption after concluding that the state failed to prove that the defendant was underage. *Id.* at ¶ 18-19. In so doing, this court found that the only testimony related to the defendant's date of birth came from a deputy with the Warren County Sheriff's Office who testified regarding the defendant's date of birth based solely on undocumented computer generated information that he received through the Law Enforcement Automated Data System (LEADS). *Id.* at ¶ 18. That information went uncorroborated due to the state's failure to provide the trial court with a copy of defendant's driver's license, or with a printout of the LEADS report. *Id.* Because the only evidence referencing the defendant's age was inadmissible, this court found that the defendant was clearly prejudiced by its admission at trial and reversed his conviction. *Id.* at ¶ 19.

{¶ 29} On appeal, the state concedes that the magistrate erred when it allowed Myers to testify about appellant's age when his testimony was based only on appellant's student records that were not subsequently entered into evidence. However, the state argues that the error was harmless because both Eaker and Sergeant Zimmero testified, based on personal knowledge, that appellant was under 21 years old.

{¶ 30} After review, we agree with the state and find the state presented admissible testimony to prove appellant's age. In *Fink*, this court specifically stated that there was no evidence indicating the criminal defendant "told [the Deputy] his age, nor was there any evidence that [the Deputy] had personal knowledge of appellant's age and date of birth beyond what he received from the police computer." *Id.* at ¶ 18. Unlike *Fink*, in the present

case, the state did successfully present admissible evidence with respect to appellant's age at the time of the offense. *See* Evid.R. 602 ("Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony").

{¶ 31} Here, the state presented the testimony of both Eaker and Sergeant Zimmero relevant to appellant's age at the time of the offense. Eaker testified that he has had previous interactions with appellant at the high school for disciplinary issues. Through his capacity as assistant principal and based on those prior interactions with appellant, Eaker testified that he believed appellant was 17 years old on the day of the offense. In addition, Sergeant Zimmero testified that he was familiar with appellant prior to the incident, and "know[s]" appellant was under 21 years old at the time of the offense and was "pretty sure" he was under 18 years old.

{¶ 32} Although the state concedes that a portion of the testimony was based solely on a review of appellant's student records and should not have been admitted at trial, there was other uncontested evidence presented by both Eaker and Sergeant Zimmer averring, based on personal knowledge, that appellant was under 21 years old. As a result, we find the present case is unlike *Fink*. Any error in admitting Myers' testimony is harmless given the testimony by Eaker and Sergeant Zimmero that they had personal knowledge that appellant was under 21 years old. Accordingly, we find appellant's third assignment of error is without merit and is overruled.

{¶ 33} Assignment of Error No. 4:

{¶ 34} THE TRIAL COURT ERRED IN HOLDING THAT THE EVIDENCE SUPPORTS A FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT IS IN VIOLATION OF R.C. 2921.33(A), RESISITNG [sic] A LAWFUL ARREST.

{¶ 35} In his fourth assignment of error, appellant argues his adjudication as a delinquent child for the offense of resisting arrest is against the manifest weight of the

evidence. Specifically, appellant argues that he could not be adjudicated as a delinquent child for resisting arrest because Sergeant Zimmero did not have a reasonable basis to arrest him for underage consumption.

{¶ 36} Resisting arrest is defined in R.C. 2921.33(A), which provides "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." In determining the lawfulness of appellant's arrest, this "court need not find that the elements of the underlying charge have been proven [beyond a reasonable doubt], but there must exist a reasonable basis for the arrest." *State v. Mitchell*, 12th Dist. Butler No. CA2010-05-107, 2011-Ohio-2465, ¶ 33. In other words, an arrest is "lawful" if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed. *Id.*; *Middletown v. Hollon*, 156 Ohio App. 3d 565, 2004-Ohio-1502, ¶ 43 (12th Dist.).

{¶ 37} Based on our review, we find appellant's assignment of error is without merit. As previously addressed in our resolution of appellant's first assignment of error, Sergeant Zimmero observed appellant's conduct on the night of his arrest, which supported a finding that appellant was intoxicated in violation of R.C. 4301.69(E)(1). Sergeant Zimmero testified that appellant smelled of an odor of an alcoholic beverage and had extremely bloodshot and glassy eyes. In addition, Sergeant Zimmero testified that appellant refused to follow his reasonable instructions and elected to ignore the officer. After multiple attempts to restore control over the situation, Sergeant Zimmero placed appellant under arrest. While attempting to place the handcuffs on appellant, Sergeant Zimmero testified that appellant tensed up, resisted, repeatedly attempted to pull his arms away, and made a fist with his arm.

{¶ 38} In light of this testimony, we find the evidence presented to the trial court was sufficient to establish appellant's arrest as "lawful." Appellant's adjudication as a delinquent child for resisting arrest was therefore not against the manifest weight of the evidence.

Accordingly, appellant's fourth assignment of error is without merit and overruled.

{¶ 39} Judgment affirmed.


RINGLAND and M. POWELL, JJ., concur.